UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DIANA L. BOUNDS OLSON,

    Plaintiff,

v.	Case No.  5:11-cv-428-Oc-10TBS

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____

## ORDER[1]

Pending before the Court is Defendant's Motion to Dismiss for Plaintiff's Failure to Prosecute. (Doc.15).  Under FED. R. CIV. P. 41(b), Plaintiff's claims may be involuntarily dismissed for lack of prosecution or failure to comply with the Court's orders.  Dismissal based on Plaintiff's failure to prosecute is also permitted under the local rules of the United States District Court for the Middle District of Florida, which provide in relevant part:

> Whenever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution.

M.D. FLA. R. 3.10(a).

On December 2, 2011, this Court entered a scheduling order in this social security case and established a February 2, 2012 deadline for the filing of Plaintiff's memorandum of law.  (Doc. 14).  Plaintiff did not file a memorandum of law by the

---

[1] On November 29, 2011, both parties consented to the exercise of jurisdiction by a magistrate judge in this case.  (Doc. 12).  The case was referred to the undersigned by an Order of Reference that same day. (Doc. 13).

deadline.  Defendant filed the instant motion to dismiss on April 3, 2012.  (Doc. 15). Instead of ruling on the motion, the Court gave Plaintiff until May 3, 2012 to show cause why the case should not be dismissed for her failure to prosecute.  (Doc. 16).  A review of the record reveals that Plaintiff has not responded to Defendant's motion, filed a memorandum of law, or responded to the Court's show cause order.

Plaintiff instituted this action after she received an unfavorable decision on her claim for Social Security disability and disability insurance benefits.  (Doc. 1).  The Administrative Law Judge ("ALJ"), found that Plaintiff has the following severe impairments: hepatitis C infection, in remission; and arthritis/fibromyalgia syndrome. (Doc. 11-2, page 18). Nevertheless, the ALJ determined that Plaintiff had the residual functional capacity to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b). (Doc. 11-2, page 21).  The Court also notes that at the hearing before the ALJ, Plaintiff testified that she was working at a public school 5 hours per day, 5 days per week.  (Doc. 11-2, page 33).  Thus, it does not appear that at the time of the hearing, Plaintiff was suffering from any impairment that would prevent her from complying with the Rules and Orders of this Court.  And, there is no evidence that Plaintiff's condition has changed from the time of the hearing to the present such that she is unable to comply.

Upon due consideration, it is hereby ORDERED that:

1. Defendant's motion (Doc. 15) is GRANTED;
2. This case is DISMISSED WITH PREJUDICE; and
3. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on May 4, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

All Counsel

Pro se Plaintiff at her last known address